## Case No. 7,158.

### Ex parte JACOBS.

[3 App. Com'r Pat. 245.]

Circuit Court, District of Columbia. Dec. 3, 1859.

MORSELL, Circuit Judge. The appellant states his claim thus: "What I claim in the construction of jail and prison-houses is the improved iron walls for the same, consisting of the following parts arranged and united as set forth, to wit; the entire wall plates A having their edges closely abutting the joint plates, e, united to, and uniting the plates A by rivets i, which have their riveted ends inwards and counter sunk to the depth of the thickness of the plates A, all in the manner and for the purposes herein set forth." The commissioner's report is dated 28th of July, 1859, and states that "a careful review of the said application of said Jacobs has resulted in convincing us [the examiners] that it is devoid of patentable novelty in view of the reference given, and for the reasons stated by the examiners in charge. A final rejection is therefore recommended." The acting commissioner says: "The aforegoing report is confirmed, and the patent prayed for dissolved." The first report of the examiner in charge is dated March 31st, 1859, and directed to said Jacobs, and says: "Your application for improvement in wrought iron jail plates has been examined,

and found not to present any patentable novelty. It is not seen that your construction differs from that employed in safes, iron houses &c. Your second claim is the well-known method of riveting plates to angle iron; and your third claim is to a guard precisely like that used in bank-vaults, safes &c." The second is dated June 30th, 1859, directed to the same person, and says: "Your application for improvements in the construction of iron jails has been examined. Your device consists simply in making the joints of the metallic plates perfectly smooth on the inside, by the perfectly common resort of butting or flush edges and counter-sunk-rivets. This is a very usual method of finishing iron safes externally, principally for neatness of appearance, though it is obvious it would present the same advantage in this case as in yours. The patent of William Beschke, Nov. 22, 1853, for joining iron plates, may be referred to as also presenting substantially the same smooth face, the rivets being of course counter-sunk." To which decision the said Enoch Jacobs filed four reasons of appeal. The first states that the commissioner erred inasmuch as he has mistaken the invention for a smooth or even surface in the jail-wall, a casual and not necessary result of the devices claimed.

2nd. The amended claim filed 22nd of June, 1859, forms the subject of the 3rd rejection by the office and the grounds of this appeal. But the official action, and the references both apply chiefly to the smooth surface, therefore the applicant for aught shown by the office is entitled to the devices claimed.

3rd. No one of the references made by the office is pertinent to the devices claimed, the application has therefore been rejected substantially without a reference.

4th. The amended claim may be regarded as a combination of three distinct devices which together constitute the invention, viz. the construction of the jail-wall. They are therefore patentable as the means adapted to the end.

On the day and place appointed for the hearing all the original papers and documents in the cause were duly laid before me by the commissioner. Also the argument in writing of the attorneys for the appellant, and the case was submitted.

It is apparent from the aforegoing statement that the rejection of the appellant's claim is only upon the ground that it is devoid of novelty, because it is a mere double use. It is said to be the same in principle with the iron safes and vaults of banks, iron houses &c, and a reference is given to the patent of William Beschke, Nov. 22nd, 1853. The appellant's improved structure is a wrought iron plate jail, with certain peculiar devices in combination, used for the purpose of making a jail-wall proof on the inside against the attempts of criminals within to escape by means of a crow or other instrument to prize the plates apart. It is not denied that the appellant fully accomplished all this. With respect to safes and bank vaults the object in their construction is to secure them against felons from breaking in from without. This general description certainly shows a very wide and substantial difference between the two. So widely do they differ in their purpose and use that no one would ever pretend to think even of using one for the other, nor can they under such circumstances be considered as equivalents for each other; and there will be found, by a careful consideration of the devices used in the appellant's construction, differences in the nature, arrangement, and designs equally great. As he states his invention, it consists mainly in the combination of these ingredients: The wall plate A, the joint or splice plate e, and the rivet i. The wall is almost a seamless wall, and wherever a seam occurs the edges on the inside are contrived to meet perfectly close, and all the rivet holes are counter-sunk on the inside of the wall to the depth of the wall plate, so that the counter-sink exactly fits the head of the rivet. If then the purpose was effected, the result was a great public good and benefit. The combination itself was new. With respect to the reference to the patent of William Beschke for his iron building, there are substantial variances in the construction itself, as to the seams or joints in the increased number and mode of securing them, and in other respects between that and the appellant's jail. Upon the whole the main purposes of the two were radically different, and, although a purpose merely is not patentable, yet, united with effecting a great beneficial and new result, as in this case, it is so. I think therefore that the decision of the commissioner is erroneous, and ought to be, and is hereby, annulled.